UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MARCINKIEWICZ,<br><br>          Plaintiff,<br>vs.<br><br>JP MORGAN CHASE formally doing business as WASHINGTON MUTUAL BANK; QUALITY LOAN SERVICE CORP; and DOES 1 through 50 inclusive,<br><br>          Defendants. | CASE NO. 14-CV-1154-H (DHB)<br><br>**ORDER GRANTING MOTION TO DISMISS UNDER RULE 41(b)**<br><br>[Doc. No. 9] |

On July 28, 2014, Defendant JP Morgan Chase ("Defendant" or "JPMorgan") filed a motion to dismiss Plaintiff's complaint for failure to amend after JPMorgan's motion to dismiss was granted with leave to amend. (Doc. No. 9.) Plaintiff George Marcinkiewicz ("Plaintiff") did not file an opposition. The Court, pursuant to its discretion under Local Rule 7.1(d)(1), submits the motion on the papers and vacates the hearing set for September 2, 2014. The Court grants Defendant's motion and dismisses Plaintiff's complaint under Federal Rule of Civil Procedure 41(b).

**Background**

On April 3, 2014 Plaintiff George Marcinkiewicz filed a complaint in the Superior Court of the State of California. (Doc. No. 1-1.) On May 7, 2014, Defendant JPMorgan, with the consent of Defendant Quality Loan, removed the action based on

federal question jurisdiction. (Doc. No. 1 ¶ 3.) On May 14, 2014, JPMorgan filed a motion to dismiss Plaintiff's complaint. (Doc. No. 5.) On June 19, 2014, the Court granted Defendant's motion to dismiss without prejudice. (Doc. No. 8 at 9.) The Court granted Plaintiff thirty days from June 19, 2014 to file an amended complaint. (Id.) Plaintiff did not file an amended complaint within thirty days of June 19, 2014. On July 28, 2014, Defendant filed a motion to dismiss Plaintiff's complaint with prejudice under Federal Rule of Civil Procedure 41(b). (Doc. No. 9.) Plaintiff did not file an opposition to Defendant's motion to dismiss.

## Discussion

Federal Rule of Civil Procedure 41(b) provides that a defendant may move to dismiss the action or any claims if the plaintiff fails to prosecute or to comply with the Federal Rules or a court order. Fed. R. Civ. P. 41(b). Under Rule 41(b), the court may dismiss a claim with prejudice if the plaintiff has failed to amend the complaint within the time specified by an earlier order. Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992) (affirming dismissal with prejudice pursuant to Rule 41(b) where plaintiff failed to amend within the thirty-day period provided in the initial order dismissing the claims). In determining whether to dismiss a case for failure to amend within the time provided, the court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (citation and internal quotation marks omitted).

Here, Plaintiff did not amend his complaint or provide the Court notice of his intent not to file an amended complaint within thirty days of the Court's June 19, 2014 order dismissing his claims. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that it will

not do so—is properly met with the sanction of a Rule 41(b) dismissal."). Further, as of the date of this Order, Plaintiff has not filed an amended complaint or given notice of his intent not to file. After reviewing the five factors, the Court finds the public's interest in expeditious resolution of litigation, the Court's need to manage its docket, the risk of prejudice to Defendant, and the lack of less drastic alternatives support dismissal. See Yourish, 191 F.3d at 990-92; Ferdik, 963 F.2d at 1261-63. Accordingly, dismissal is appropriate under Rule 41(b).

## Conclusion

For the foregoing reasons, the Court grants Defendant JPMorgan's motion to dismiss Plaintiff's complaint under Rule 41(b).

**IT IS SO ORDERED.**

DATED: August 28, 2014

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT